FILED'09 SEP 03 08:57USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES THOMAS,     Civil No. 08-3111-CL

       Plaintiff,     ORDER

v.

EVERETT CARROLL; JOHN VIAL;
BRIAN POWERS; JAMES MILLER;
GREGORY COSTANZO, Individually,

       Defendants.

CLARKE, Magistrate Judge:

At the August 26, 2009, telephone conference on defendants' unopposed motion to postpone pretrial filings deadline, pretrial conference date, and trial date, the Court orally denied plaintiff's motion to amend complaint (#58). The parties subsequently provided certain information to the Court at its request. This opinion places on the record and explains the Court's ruling.[1]

## DISCUSSION

Leave to amend should be "freely give[n]" "when justice so requires." Fed. R. Civ. P.

---

[1] The parties have executed written consents to entry of judgment by a magistrate judge (#41). 28 U.S.C. § 636(c).

1 - ORDER

15(a)(2); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999). The court considers four factors in determining whether to allow an amendment: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." Lockheed Martin, 194 F.3d at 986.

Plaintiff filed his motion for leave to file an amended complaint to state a retaliation claim for violation of his First Amendment rights of free speech on August 10, 2009 (#45). Counsel stated in his affidavit that the basis of the proposed amendment came to light "During depositions of Defendants and Plaintiff, and in discovery material received from Defendant." (Franell Aff. ¶¶ 3 & 5.) The deposition excerpts attached to the motion show that the basis of plaintiff's retaliation claim was known at the time of plaintiff's and defendant Carroll's depositions. (Franell Aff. ¶ 4 & Exs.) The record shows that plaintiff's deposition took place on June 9, 2009. (#24 von Ter Stegge Aff. in Supp. of Mot. for Summ. J. Attach. 2.) Plaintiff offered no explanation in his motion for his delay in seeking to amend his complaint.

Plaintiff's motion was filed after the close of discovery on June 29, 2009; after defendants' motion for summary judgment on all claims, filed July 17, 2009, was fully briefed; and after two sets of pretrial documents had been filed in preparation for the September 9, 2009, jury trial, including defendants' motion in limine seeking to exclude evidence establishing that defendants retaliated against plaintiff because of complaints he made to ODOT about the rest area restrooms. While delay is not dispositive, it is relevant, particularly where no explanation is given for the delay. Lockheed Martin, 194 F.3d at 986. Further, a failure to offer a plausible explanation for delay may show bad faith. Owens v. Kaiser Fdn. Health Plan, Inc., 244 F.3d

2 - ORDER

708, 712 (9th Cir. 2001). Bad faith can be shown by seeking to amend the complaint when the moving party is faced with a motion for summary judgment. Lockheed Martin, 194 F.3d at 986. Here, plaintiff responded to defendants' motion for summary judgment which sought summary judgment as to plaintiff's First Amendment claim (right of "freedom of movement") and plaintiff did not mention that he had a claim for First Amendment retaliation or his intent to seek leave to amend to state such a claim.[2]

Defendants state that allowing the amendment would necessitate reopening discovery, the filing of a second summary judgment motion, and would delay conclusion of the case. "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." Lockheed Martin, 194 F.3d at 986 (citing Solomon v. N. Am. Life & Cas. Inc., 151 F.3d 1132, 1139 (9th Cir. 1998); McGlinchy v. Shell Chem. Co., 845 F.2d 802, 809 (9th Cir 1988). "Prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990); see Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) ("Expense, delay, and wear and tear on individuals and companies count toward prejudice."; denying leave to amend complaint due to prejudice against defendant).

The information obtained from the parties after the telephone conference in response to the Court's request confirmed the Court's decision to deny plaintiff's motion to amend. The parties agree that plaintiff's counsel received the police report (attached as Exhibit 3 to his affidavit in support of motion to amend) on or about July 17 in response to plaintiff's discovery

---

[2] Plaintiff filed his response to defendants' motion for summary judgment on July 24, 2009.

3 - ORDER

request, as counsel had stated at the telephone conference. However, defendants' counsel represents that, although the police report was produced in response to plaintiff's June 16 document request, it had been used as Exhibit 3 in plaintiff's deposition on June 9 and a courtesy copy was provided to counsel at that time.[3]

Undue delay by itself may be insufficient to deny a motion to amend but, when combined with other factors, denial could be proper. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Here, defendants have shown that, in the circumstances, plaintiff unduly delayed in seeking to amend his complaint to include a First Amendment retaliation claim. Defendants have shown that allowing amendment would prejudice them since discovery would need to be reopened. The timing of plaintiff's motion, coming after defendants' motion for summary judgment was fully briefed and during preparation for trial after defendants had filed a motion in limine on the issue of First Amendment retaliation is arguably evidence of bad faith. For these reasons, plaintiff's motion for leave to file an amended complaint is denied.

## ORDER

Based on the foregoing, plaintiff's motion for leave to file an amended complaint (#45) is denied.

IT IS SO ORDERED.

//

---

[3] The record shows that deposition Exhibit 3 was also used in defendant Carroll's deposition, which was taken on June 10, 2009. The Carroll deposition excerpt attached to plaintiff's motion to amend indicates that Exhibit 3 had been presented the day before. (Franell Aff. Ex. 2.)

4 - ORDER

DATED this __3__ day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

5  - ORDER